IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| AUTHOR JAMES MANNING, JR, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-101-JDK-JDL |
| SONY, et al., | § § § | |
| Defendants. | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Author Manning, proceeding pro se, filed this lawsuit against Defendants on March 28, 2025. The case was referred to United States Magistrate Judge John D. Love pursuant to 28 U.S.C. § 636.

On March 31, 2025, Magistrate Judge Love issued a Report recommending that Plaintiff's complaint be dismissed with prejudice for failure to state a claim and that sanctions be assessed whereby no new lawsuits will be accepted from Plaintiff Author Manning unless such lawsuit is filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case. Docket No. 3. Plaintiff filed objections to the Report (Docket No. 6) as well as an amended complaint (Docket No. 7).

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire

1

record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

In his objections, Plaintiff simply restates his original frivolous allegations. Docket No. 6. Similarly, Plaintiff's amended complaint fails to state a claim and reasserts the same allegations. Docket No. 7. No new arguments were made.

Moreover, as noted by the Magistrate Judge, Plaintiff is no stranger to federal court. In the last five years, he has had fourteen cases filed and/or pending before this court. *See Manning v. Capital One*, 6:25-cv-00094 (E.D. Tex. March 25, 2025) (collecting cases). No case has established a viable claim, and in fact many have been dismissed as frivolous, often based on his own unfounded beliefs. These include claims that he created the Mortal Kombat title and logo, as well as ideas behind Cadillac and GMC vehicles, such as the Escalade, Avalanche, and Suburban models. He has also stated that he was the owner of various companies and technologies such as Nintendo, Sony, Atari, Microsoft, internet, cell phones, car phones, Android smart phones, and iPhones.

Plaintiff was twice warned that the continued filing of frivolous actions may result in sanctions, including the proposed sanction that he be barred from filing new cases unless represented by an attorney licensed to practice in the Eastern District of Texas. *See Manning v. Capital One*, 6:25-cv-00094 JDL; *Manning v. Revvi et al.*, 6:25-cv-00096-JDL. But despite warnings, Plaintiff filed this action.

As the Court explained, the Fifth Circuit has held that "no one, rich or poor, is entitled to abuse the judicial process." *See Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). The Fifth Circuit has further indicated that under some circumstances, an individual may be barred from filing lawsuits within the district court without prior court approval. *See id.*; *Matter of United Markets Int'l, Inc.*, 24 F.3d 650 (5th Cir. 1994); *Vinson v. Heckmann*, 940 F.2d 114 (5th Cir. 1991); *Day v. Allstate Ins. Co.*, 788 F.2d 1110 (5th Cir. 1986).

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court **OVERRULES** Plaintiff's objections (Docket No. 6) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 3) as the opinion of the Court. Plaintiff's claims are **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted. The court further **ADOPTS** the Magistrate Judge's recommendation of sanctions and finds that sanctions should be imposed.

It is **ORDERED** that Plaintiff Author Manning be **SANCTIONED** whereby no new lawsuits will be accepted from Plaintiff Author Manning unless such lawsuit is filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee is paid at the outset of the case. *See,*

*e.g.*, *Williams v. United States Ct.*, 2023 WL 5944285, at *2 (E.D. Tex. Sept. 12, 2023) (requiring future lawsuits to be filed by a licensed attorney enrolled to practice in the U.S. District Court for the Eastern District of Texas and the full filing fee to be paid at the outset of the case); *Kohute v. National Rifle Association*, 6:24-cv-00475-JDK-JDL (same).

So **ORDERED** and **SIGNED** this **22nd** day of **April, 2025.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE